UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **LARRY CROCKETT** | **CIVIL ACTION NO. 07-1296-LC** |
| **VS.** | **SECTION P** |
| **WARDEN TERRELL** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* by *pro se* plaintiff, Larry Crockett, pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Allen Correctional Center (ACC) in Kinder, Louisiana. He complains that he has been denied adequate medical care while at the ACC. Plaintiff names ACC Warden Terrell, ACC nurse Nelda Wilson and ACC physician T'Hart as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that he has not been given his seizure medication (Dilantin) by prison authorities. Plaintiff's request for administrative remedy (ARP) dated April 27, 2007 attached to plaintiff's complaint provides additional factual information, as does letters plaintiff wrote to this court received on September 4, 2007 and September 17,

2007. [*See* rec. docs. 1-1, 4 and 5]. In these documents, plaintiff alleges that he had been given only two pills a day rather than the three pills per day he had previously taken. As a result, he has headaches, is seeing spots, and has pain in the back of his head. Plaintiff also alleges that he went to the infirmary but was told to go back to the dorm without taking his "seizure level" or doing anything else, and that medical would watch him. In an inmate request form dated June 18, 2007, the nurse indicates that the prison doctor discontinued plaintiff's Dilantin in May because plaintiff's blood work showed no Dilantin in his body, which the doctor interpreted as a sign that plaintiff was not taking his medication. In his most recent correspondence to this court, plaintiff states that he was seen by a doctor at Huey P. Long Hospital on September 5, 2007 who recommended that plaintiff be put back on Dilantin. However, the prison doctor said she did not have to listen to the other doctor and that therefore, plaintiff would not be put back on medication for his seizure disorder. By this action, plaintiff seeks to be put back on his seizure medication, and to be compensated for pain and suffering for the time that he was off of the medicine.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See also Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

While short on detail, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for relief and that his claims are frivolous as a matter of law. Accordingly, plaintiff's complaint should be dismissed with prejudice.

**III.  Medical Care Claim**

While it is true that the Eighth Amendment imposes a duty upon prison officials to provide adequate medical care, a lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment only if the evidence shows that the prison officials were "deliberately indifferent to serious medical needs." *Estelle*

*v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle*, 97 S.Ct. at 291; *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). Because deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); *See also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). It is not enough to demonstrate that the defendant was negligent, rather it must be shown that the actions were so reckless as to amount to deliberate indifference. *Sibley v. LeMaire*, 184 F.3d 481, 489 (5th Cir. 1999).

Plaintiff's complaint, attachments thereto and correspondence to this court fail to demonstrate that the named defendants were deliberately indifferent to plaintiff's serious medical needs. The record demonstrates that plaintiff has been seen and treated by the ACC medical staff for his medical complaints, including medical consultation with the physician and nurse, blood tests, x-rays and an evaluation performed at an outside medical institution. Moreover, Dr. T'Hart completed a duty/recreational status form which indicates that seizure precautions are to be followed and that plaintiff is therefore not to use tools, should be assigned to a bottom bunk only, and should not participate in contact or outdoor sports or weight lifting. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of

4

deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Plaintiff's allegations demonstrate that he disagrees with the medical opinion and treatment rendered by the prison doctor and medical personnel. However, it is well settled that disagreement with medical treatment does not amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Calloway v. Smith County*, 991 F. Supp. 801 (E.D. Tex. 1998); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Additionally, although it appears that the prison doctor and the doctor at the Huey P. Long Hospital disagree as to the appropriate treatment for plaintiff's seizure disorder, difference of medical opinion as to the appropriate method of treatment does not amount to deliberate indifference. *Stewart v. Murphy,* 174 F.3d 530, 537 (5th Cir. 1999); *Norton*, 122 F.3d at 292. Likewise, incorrect diagnosis or unsuccessful treatment is insufficient to establish deliberate indifference. *Johnson*, 759 F.2d at 1238-39; *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).

To the extent that plaintiff suggests that the ACC doctor or nurses committed malpractice or were grossly negligent in their assessment of plaintiff's condition, such allegations do not state a constitutional claim. Although negligence or malpractice actions may be asserted under state law, such actions are not cognizable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Callaway*, 991 F. Supp. at 809; *Stewart,* 174 F.3d at 534 citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193

5

(5th Cir. 1993), and *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982); *Doe v. Dallas Independent School District*, 153 F.3d 211, 219 (5th Cir.  1998) (actions which are merely inept, erroneous or negligent do not satisfy the high standard of deliberate indifference.). Negligence and even medical malpractice do not implicate the Eighth Amendment and do not provide a basis for a §1983 claim. *Id.*

In light of the foregoing;

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th**

**Cir. 1996).**

Signed in chambers in Lafayette, Louisiana, this 27th day of September, 2007.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE